MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
DAGOBERTO RAMIREZ LOPEZ, EDGAR
PEREZ LOPEZ, MARCO ANTONIO
MOLINA MEDEL, RAFAEL ROJAS
RAMOS, REYMUNDO  MOLINA MEDEL,
and SALVADOR MAXIMILIANO ROJAS
ROJAS, *individually and on behalf of others
similarly situated,*

                             *Plaintiffs*,

                 -against-

ALIDORO II LLC  (D/B/A ALIDORO),
ALIDORO CANAL LLC  (D/B/A ALIDORO),
ALIDORO CORP.  (D/B/A ALIDORO),
WALTER MOMENTE , JONATHAN
STREEP , and ATHANASIOS
POLIHRONOPOYLOS ,

                         *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29**
**U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Dagoberto Ramirez Lopez, Edgar  Perez Lopez, Marco Antonio Molina Medel, Rafael Rojas Ramos, Reymundo   Molina Medel, and Salvador Maximiliano Rojas Rojas, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Alidoro II LLC (d/b/a Alidoro), Alidoro Canal LLC (d/b/a Alidoro), Alidoro Corp. (d/b/a Alidoro), ("Defendant Corporations"), Walter Momente, Jonathan Streep, and Athanasios Polihronopoylos, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants Alidoro II LLC (d/b/a Alidoro), Alidoro Canal LLC (d/b/a Alidoro), Alidoro Corp. (d/b/a Alidoro), Walter Momente, Jonathan Streep, and Athanasios Polihronopoylos.

2.       Defendants own, operate, or control two Italian sandwich shops, located at 18 East 39th Street, New York, New York 10016 (hereinafter "the 39th Street location"), and at 348 Bowery, New York, New York 10012 (hereinafter "the Bowery location, under the name "Alidoro".

3.      Upon information and belief, individual Defendants Walter Momente, Jonathan Streep, and Athanasios Polihronopoylos, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs have been employed as delivery workers at the restaurants located at 18 East 39th Street, New York, New York 10016, and at 348 Bowery, New York, New York 10012.

5.      Plaintiffs have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to washing trays, sweeping, mopping, stocking the drinks on the shelves, cutting cheese, taking out the trash, cleaning tables, cooking, dishwashing, stocking deliveries, taking out the trash and  working as porters (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants without appropriate minimum wage compensation for the hours that they have worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiffs appropriately for any hours worked, at the straight rate of pay.

8.    Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

9.    Regardless, at all relevant times, Defendants have paid Plaintiffs at the lowered tip-credited rate.

10.    However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.    Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them at the lower tip-credit rate.

12.    In addition, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs Ramirez and Salvador's tips.

13.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work  without providing the minimum wage compensation required by federal and state law and regulations.

15.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Italian Sandwich shops located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

19.    Plaintiff Dagoberto Ramirez Lopez ("Plaintiff Ramirez" or "Mr. Ramirez") is an adult individual residing in Bronx County, New York.

20.    Plaintiff Ramirez was employed by Defendants at "Alidoro" from approximately March 2015 until on or about June 7, 2018.

21.    Plaintiff Edgar Perez Lopez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Bronx County, New York.

22.    Plaintiff Perez has been employed by Defendants at "Alidoro" from approximately January 2017 until the present date.

23.    Plaintiff Marco Antonio Molina Medel ("Plaintiff Molina" or "Mr. Molina") is an adult individual residing in Kings County, New York.

24.     Plaintiff Molina has been employed by Defendants at "Alidoro" from approximately July 18, 2016 until the present date.

25.     Plaintiff Rafael Rojas Ramos ("Plaintiff Rojas" or "Mr. Rojas") is an adult individual residing in Bronx County, New York.

26.     Plaintiff Rojas was employed by Defendants at "Alidoro" from approximately October 2015 until on or about June 2016 and then from March 2017 until on or about June 2017.

27.     Plaintiff Reymundo Molina Medel ("Plaintiff Reymundo" or "Mr. Reymundo") is an adult individual residing in Kings County, New York.

28.     Plaintiff Reymundo has been employed by Defendants at "Alidoro" from approximately July 15, 2016 until the present date.

29.     Plaintiff Salvador Maximiliano Rojas Rojas ("Plaintiff Salvador" or "Mr. Salvador") is an adult individual residing in Bronx County, New York.

30.     Plaintiff Salvador has been employed by Defendants at "Alidoro" from approximately January 2018 until the present date.

*Defendants*

31.     At all relevant times, Defendants own, operate or control two Italian sandwich shops, located at 18 East 39th Street, New York, New York 10016 under the name "Alidoro", and at 348 Bowery, New York, New York 10012 under the name "Alidoro".

32.     Upon information and belief, Alidoro II LLC (d/b/a Alidoro) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18 East 39th Street, New York, New York 10016 (hereinafter, the "39th Street location").

33.     Upon information and belief, Alidoro Canal LLC (d/b/a Alidoro) is a domestic corporation organized and existing under the laws of the State of New York. Upon information

and belief, it maintains its principal place of business at 18 East 39th Street, New York, New York 10016 (hereinafter, the "39th Street location").

34.     Upon information and belief, Alidoro Corp. (d/b/a Alidoro) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 348 Bowery, New York, New York 10012 (hereinafter, the "Bowery location").

35.     Defendant Walter Momente is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Walter Momente is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Walter Momente possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

36.     Defendant Jonathan Streep is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jonathan Streep is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jonathan Streep possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

37.     Defendant Athanasios Polihronopoylos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Athanasios

Polihronopoylos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Athanasios Polihronopoylos possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

38.    Defendants operate two Italian sandwich shops located in multiple neighborhoods in Manhattan.

39.    Individual Defendants, Walter Momente, Jonathan Streep, and Athanasios Polihronopoylos, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

40.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

41.    Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

42.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

43.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

44.    Upon information and belief, Individual Defendants Walter Momente, Jonathan Streep, and Athanasios Polihronopoylos operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

  b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

  d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

  e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

  f)  intermingling assets and debts of their own with Defendant Corporations,

  g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

  h)  Other actions evincing a failure to adhere to the corporate form.

45.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

46.    In each year from 2015 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

47.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

48.    Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as delivery workers.

49.    However, the tipped workers have spent over 20% of each shift performing the non-tipped duties described above.

50.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Dagoberto Ramirez Lopez*

51.    Plaintiff Ramirez was employed by Defendants from approximately March 2015 until on or about June 7, 2018 at the "39th Street Location".

52.    Defendants employed Plaintiff Ramirez as a dishwasher and ostensibly as a delivery worker.

53.    However, Plaintiff Ramirez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

54.    Although Plaintiff Ramirez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

55.    Plaintiff Ramirez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

56.    Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

57.    From approximately March 2015 until on or about June 7, 2018, Plaintiff Ramirez worked as a delivery worker at the 39th Street location from approximately 9:00 a.m. until on or about 3:30 p.m., 5 days a week (typically 32.5 hours per week).

58.    From approximately 2015 until on or about June 2017, Defendants paid Plaintiff Ramirez his wages in cash.

59.    From approximately July 2017 until on or about June 7, 2018, Defendants paid Plaintiff Ramirez his wages by check.

60.    From approximately March 2015 until on or about September 2015, Defendants paid Plaintiff Ramirez $7.50 per hour.

61.    From approximately October 2015 until on or about August 2016, Defendants paid Plaintiff Ramirez $8.00 per hour.

62.    From approximately August 2016 until on or about December 2017, Defendants paid Plaintiff Ramirez $8.25 per hour.

63.    From approximately January 2018 until on or about June 7, 2018, Defendants paid Plaintiff Ramirez $9.00 per hour.

64.    Plaintiff Ramirez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

65.    For example, Defendants required Plaintiff Ramirez to work an additional 30 minutes to 2 hours past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

66.    Defendants never granted Plaintiff Ramirez any breaks or meal periods of any kind.

67.    Plaintiff Ramirez was never notified by Defendants that his tips were being included as an offset for wages.

68.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ramirez's wages.

69.    In addition, since 2018 Defendants pocketed all of the tips customers wrote in for Plaintiff Ramirez whenever he made a delivery two or three times per week.

70.    From approximately March 2015 until on or about July 2017 Plaintiff Ramirez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

71.    Defendants required Plaintiff Ramirez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

72.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

73.    Defendants did not provide Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

74.    Defendants did not give any notice to Plaintiff Ramirez, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.    Defendants required Plaintiff Ramirez to purchase "tools of the trade" with his own funds—including a 7 day unlimited MetroCard twice per month in order to make deliveries.

*Plaintiff Edgar Perez Lopez*

76.    Plaintiff Perez has been employed by Defendants from approximately January 2017 until the present date at the "39th Street location" and at the "Bowery location".

77.    Defendants have ostensibly employed Plaintiff Perez as a delivery worker.

78.    However, Plaintiff Perez has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

79.    Although Plaintiff Perez has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

80.    Plaintiff Perez has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

81.    Plaintiff Perez's work duties have required neither discretion nor independent judgment.

82.    From approximately January 2017 until on or about August 2017, Plaintiff Perez worked at the 39th Street Location from approximately 10:00 a.m. until on or about 3:00 p.m. to 4:00 p.m., three days a week , and at the Bowery Location from approximately 12:00 p.m. until on or about 4:00 p.m. to 5:00 p.m., one day a week, and from approximately 12:00 p.m. until on or about 8:00 p.m. to 8:30 p.m., one day  (typically 27 to 31.5 hours per week).

83.    From approximately August 2017 until the present date, Plaintiff Perez has worked as a delivery worker at the 39th Street location from approximately 10:00 a.m. until on or about 3:00 p.m. to 3:30 p.m., five days a week (typically 25 to 27.5 hours per week).

84.    On April 2018, Plaintiff Perez worked as a porter at the Bowery location approximately 45 hours per week (typically 45 hours per week).

85.    Throughout his employment, Defendants have paid Plaintiff Perez his wages by check.

86.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Perez $7.50 per hour.

87.    From approximately April 2018 until on or about April 2018, Defendants paid Plaintiff Perez $15.00 per hour for regular hours and $22.00 per hour for his overtime hours.

88.    From approximately January 2018 until the present date, Defendants have paid Plaintiff Perez $8.65 per hour.

89.    Plaintiff Perez's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

90.    For example, Defendants have required Plaintiff Perez to work an additional 4 hours and 30 minutes past his scheduled departure time one day a week, and have not paid him for the additional time he has worked.

91.    Defendants have never granted Plaintiff Perez any breaks or meal periods of any kind.

92.    Plaintiff Perez has never been notified by Defendants that his tips are being included as an offset for wages.

93.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Perez's wages.

94.    Defendants have required Plaintiff Perez to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

95.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

96.    Defendants have never provided Plaintiff Perez an accurate statement of wages, as required by NYLL 195(3).

97.    Defendants have never given any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

98.    Defendants have required Plaintiff Perez to purchase "tools of the trade" with his own funds—including bicycle supplies and bicycle maintenance.

*Plaintiff Marco Antonio Molina Medel*

99.    Plaintiff Molina has been employed by Defendants from approximately July 18, 2016 until the present date at the "39th Street location" and at the "Bowery location".

100.    Defendants have ostensibly employed Plaintiff Molina as a delivery worker.

101.    However, Plaintiff Molina has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

102.    Although Plaintiff Molina has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

103.    Plaintiff Molina has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

104.    Plaintiff Molina's work duties have required neither discretion nor independent judgment.

105.    From approximately July 18, 2016 until on or about December 31, 2017, Plaintiff Molina worked as a delivery worker at the 39th street location from approximately 11:00 a.m. until on or about 3:00 p.m. to 4:00 p.m., 4 days a week (typically 16 to 20 hours per week).

106.    From approximately January 2017 until on or about February 28, 2017, Plaintiff Molina worked as a delivery worker at the 39th street location from approximately 11:00 a.m. until on or about 3:00 p.m., 4 days a week and at the Bowery location from approximately 4:00 p.m.  until on or about 9:00 p.m., 4 days a week (typically 36 hours per week).

107.  From approximately January 1, 2018 until on or about May 21, 2018, Plaintiff Molina worked as a delivery worker at the 39th Street location, from approximately 10:00 a.m. until on or about 2:00 p.m. to 3:30 p.m., 4 or 5 days a week (typically 20 to 27.5 hours per week).

108.  From approximately May 22, 2018 until the present date, Plaintiff Molina has worked as a delivery worker at the 39th street location, from approximately 8:30 a.m. until on or about 2:00 p.m., 2 days a week and from approximately 10:00 a.m. until on or about 3:30 p.m., 2 days a week (typically 20 hours per week).

109.  Throughout his employment, Defendants have paid Plaintiff Molina his wages by check.

110.  From approximately July 18, 2016 until on or about December 31, 2017, Defendants paid Plaintiff Molina $7.50 per hour.

111.  From approximately January 2018 until the present date, Defendants have paid Plaintiff Molina $8.65 per hour.

112.  Defendants have never granted Plaintiff Molina any breaks or meal periods of any kind.

113.  Plaintiff Molina has never been notified by Defendants that his tips are being included as an offset for wages.

114.  Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Molina's wages.

115.  Defendants have required Plaintiff Molina to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

116.  No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Molina regarding overtime and wages under the FLSA and NYLL.

117.    Defendants have never provided Plaintiff Molina an accurate statement of wages, as required by NYLL 195(3).

118.    Defendants have never given any notice to Plaintiff Molina, in English and in Spanish (Plaintiff Molina's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

119.    Defendants have required Plaintiff Molina to purchase "tools of the trade" with his own funds—including an electric bicycle, bicycle maintenance, and a phone.

*Plaintiff Rafael Rojas Ramos*

120.    Plaintiff Rojas was employed by Defendants from approximately October 2015 until on or about June 2016 at the "39th Street location" and then from March 2017 until on or about June 2017 at the "Bowery location".

121.    Defendants ostensibly employed Plaintiff Rojas as a delivery worker.

122.    However, Plaintiff Rojas was also required to spend a significant portion of his work day performing the non-tipped duties described above.

123.    Although Plaintiff Rojas ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

124.    Plaintiff Rojas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

125.    Plaintiff Rojas's work duties required neither discretion nor independent judgment.

126.    From approximately October 2015 until on or about June 2016, Plaintiff Rojas worked at the 39th Street location from approximately 10:00 a.m. until on or about 3:00 p.m., 5 Days a week (typically 25 hours per week).

127.  From approximately March 2017 until on or about June 2017, Plaintiff Rojas worked at the Bowery location from approximately 4:00 p.m. until on or about 8:00 p.m., 6 days a week (typically 24 hours per week).

128.  From approximately October 2015 until on or about February 2016, Defendants paid Plaintiff Rojas his wages in cash.

129.  From approximately March 2016 until on or about June 2016 and then from March 2017 until on or about June 2017, Defendants paid Plaintiff Rojas his wages by check.

130.  From approximately October 2015 until on or about December 2015, Defendants paid Plaintiff Rojas $7.00 per hour.

131.  From approximately January 2016 until on or about June 2017, Defendants paid Plaintiff Rojas $7.50 per hour.

132.  Plaintiff Rojas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

133.  For example, Defendants required Plaintiff Rojas to work an additional 30 minutes past his scheduled departure time one day a week, and did not pay him for the additional time he worked.

134.  Defendants never granted Plaintiff Rojas any breaks or meal periods of any kind.

135.  Plaintiff Rojas was never notified by Defendants that his tips were being included as an offset for wages.

136.  Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rojas' wages.

137.  Defendants required Plaintiff Rojas to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

138.  No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rojas regarding overtime and wages under the FLSA and NYLL.

139.  Defendants did not provide Plaintiff Rojas an accurate statement of wages, as required by NYLL 195(3).

140.   Defendants did not give any notice to Plaintiff Rojas, in English and in Spanish (Plaintiff Rojas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

141.   Defendants required Plaintiff Rojas to purchase "tools of the trade" with his own funds—including a bicycle, tires, bicycle maintenance, a chain and a lock.

*Plaintiff Reymundo Molina Medel*

142.  Plaintiff Reymundo has been employed by Defendants from approximately July 15, 2016 until the present date at the "39th street location".

143.  Defendants have ostensibly employed Plaintiff Reymundo as a delivery worker.

144.  However, Plaintiff Reymundo has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

145.  Although Plaintiff Reymundo has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

146.  Plaintiff Reymundo has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

147.  Plaintiff Reymundo's work duties have required neither discretion nor independent judgment.

148. From approximately July 15, 2016 until on or about December 2017, Plaintiff Reymundo worked as a delivery worker at the 39th Street location from approximately 11:00 a.m. until on or about 3:00 p.m., 5 days a week (typically 20 hours per week).

149. From approximately July 2017 until on or about July 2017, Plaintiff Reymundo worked as a delivery worker at the Bowery location from approximately 11:00 a.m. until on or about 4:00 p.m., 2 days a week and from approximately 12:00 p.m. until on or about 9:00 p.m., 2 days a week (typically 28 hours per week).

150. From approximately January 2018 until the present date, Plaintiff Reymundo has worked as a delivery worker at the 39th street location from approximately 10:00 a.m. until on or about 2:00 p.m., 2 days a week and from approximately 10:00 a.m. until on or about 3:30 p.m., 2 days a week (typically 21 hours per week).

151. Throughout his employment, Defendants have paid Plaintiff Reymundo his wages by check.

152. From approximately July 2015 until on or about December 2017, Defendants paid Plaintiff Reymundo $7.50 per hour.

153. From approximately January 2018 until the present date, Defendants have paid Plaintiff Reymundo $8.65 per hour.

154. Plaintiff Reymundo's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

155. For example, Defendants required Plaintiff Reymundo to work an additional 1 hour to 2 hours past his scheduled departure time in two occasions, and did not pay him for the additional time he worked.

156. Defendants never granted Plaintiff Reymundo any breaks or meal periods of any kind.

157.  Plaintiff Reymundo has never been notified by Defendants that his tips are being included as an offset for wages.

158.  Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Raymundo's wages.

159.  Defendants have required Plaintiff Reymundo to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

160.  No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Reymundo regarding overtime and wages under the FLSA and NYLL.

161.  Defendants have never provided Plaintiff Reymundo an accurate statement of wages, as required by NYLL 195(3).

162.   Defendants have never given any notice to Plaintiff Reymundo, in English and in Spanish (Plaintiff Reymundo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

163.   Defendants have required Plaintiff Reymundo to purchase "tools of the trade" with his own funds—including a bicycle, a battery and bicycle maintenance.

*Plaintiff Salvador Maximiliano Rojas Rojas*

164.  Plaintiff Salvador has been employed by Defendants from approximately January 2018 until the present date at the "39th Street location".

165.  Defendants have ostensibly employed Plaintiff Salvador as a delivery worker.

166.  However, Plaintiff Salvador has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

167.  Although Plaintiff Salvador has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

168.  Plaintiff Salvador has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

169.  Plaintiff Salvador's work duties have required neither discretion nor independent judgment.

170.  From approximately January 2018 until the present date, Plaintiff Salvador has worked as a delivery worker at the 39th Street location from approximately 10:00 a.m. until on or about 3:00 p.m., 2 days a week and from approximately 8:30 a.m. until on or about 3:00 p.m., one day a week (typically 16.5 hours per week).

171.  Throughout his employment, Defendants have paid Plaintiff Salvador his wages by check.

172.  From approximately January 2018 until the present date, Defendants have paid Plaintiff Salvador $8.65 per hour.

173.  Plaintiff Salvador's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

174.  For example, Defendants have required Plaintiff Salvador to start working 1 hour 30 minutes prior to is scheduled start time one day a week, and have not paid him for the additional time he has worked.

175.  Defendants have never granted Plaintiff Salvador any breaks or meal periods of any kind.

176.  Plaintiff Salvador has never been notified by Defendants that his tips are being included as an offset for wages.

177.  Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Salvador's wages.

178.  In addition, defendants pocketed all of the tips customers wrote in for Plaintiff Salvador whenever he made a delivery.

179.  Defendants have required Plaintiff Salvador to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

180.  No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Salvador regarding overtime and wages under the FLSA and NYLL.

181.  Defendants have never provided Plaintiff Salvador an accurate statement of wages, as required by NYLL 195(3).

182.  Defendants have never given any notice to Plaintiff Salvador, in English and in Spanish (Plaintiff Salvador's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

183.  Defendants have required Plaintiff Salvador to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, one bell, one vest, and the bike maintenance.

*Defendants' General Employment Practices*

184.  At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

185.  Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

186.  Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

187.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

188.    Defendants have required Plaintiffs and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers. These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

189.    These Plaintiffs and all other tipped workers have been paid at the lowered tip-credit rate by Defendants.

190.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

191.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

192.     Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

193.    In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

194.    Defendants have failed to inform Plaintiffs who received tips that Defendants have intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

195.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

196.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they have received.

197.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs Ramirez and Salvador, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiffs Ramirez and Salvador of a portion of the tips earned during the course of employment.

198.    Defendants have unlawfully misappropriated charges purported to be gratuities received by Plaintiffs Ramirez and Salvador, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

199.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

200.    Prior to July 2017, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

201.    Prior to July 2017, Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

202.    Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in order to release their wages

203.    Plaintiffs have been paid their wages in cash and check.

204.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

205.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

206.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

207.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated former workers.

208.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

209.    Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

210.    Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

211.    At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records required by the FLSA.

212.    The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

213.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

214.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of

their employment, and determined the rate and method of any compensation in exchange for their employment.

215.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

216.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

217.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

218.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

219.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

220.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

221.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

222.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

223.    Plaintiffs (and the FLSA class member) have been damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

224.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

225.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

226.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

227.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

228.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

229.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

230.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

231.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

232.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

233.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

234.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

235.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

236.    Defendants have unlawfully misappropriated all of the tips Plaintiffs Ramirez and Salvador have received from customers.

237.    Defendants have knowingly and intentionally retained all of Plaintiffs Ramirez and Salvador's tips in violations of the NYLL and supporting Department of Labor Regulations.

238.    Plaintiffs Ramirez and Salvador have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(e)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i)    Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiffs;

(j)    Awarding Plaintiffs damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       June 15, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
       Michael Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Dagoberto Ramirez-Lopez**

                                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

                                        Dagoberto R-l.

Signature / Firma:

                                             06 de junio de 2018

Date / Fecha:

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

June 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Edgar Perez Lopez_____

Legal Representative / Abogado:    Michael Faillace & Associates, P.C._____

Signature / Firma:                _____

Date / Fecha:                     _____06 de junio de 2018_____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Marco Antonio Molina Medel

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                M. Antonio

Date / Fecha:                     6 de junio de 2018

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

June 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Rafael Rojas Ramos_____

Legal Representative / Abogado:    Michael Faillace & Associates, P.C._____

Signature / Firma:

Date / Fecha:                          06 de junio de 2018_____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

June 6, 2018

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Reymundo Molina Medel_____

Legal Representative / Abogado:    Michael Faillace & Associates, P.C._____

Signature / Firma:                _____

Date / Fecha:                     _____06 de junio de 2018_____

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 6, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Salvador Maximiliano Rojas Rojas

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     06 de junio de 2018

*Certified as a minority-owned business in the State of New York*